IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHERMAN D. BROOKS #02437443 | § | |
| | § | |
| V. | § | A-23-CV-087-RP |
| | § | |
| SHERIFF SALLY HERNANDEZ and | § | |
| MAJOR BANASCO | § | |

## ORDER

Before the Court are Plaintiff Sherman D. Brooks's Complaint and More Definite Statement. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Plaintiff was confined in the Travis County Correctional Complex (TCCC). Plaintiff alleges the conditions at the TCCC violate his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. He complains of "sexual discrimination/harrasment [sic] of LGBTQ offenders." He additionally complains of the deprivation of the "Freedom Religious Restoration Act," "Involuntary Exposure to an Environmental Health Risk (Black Mold In the Shower area)," refusal of program enrollment, overcrowding, staff shortages and lack of exercise and out-of-cell time. According to Plaintiff, he was housed in Building 2 at TCCC. He claims Building 2 detainees are treated differently than detainees in the other buildings. He sues Sheriff Sally Hernandez and Major Banasco. He seeks unspecified injunctive relief, monetary damages, and punitive damages.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. The Court ordered Plaintiff to specify what each defendant did to violate his constitutional rights. Plaintiff alleges Sheriff Hernandez and Major Banasco are responsible for their detention officers and the care, custody and control of the inmates. He further alleges they are aware of the staff shortage and the conditions of Plaintiff's confinement. Plaintiff admits he suffered no physical injury during his confinement in the TCCC. He also admits his claims regarding LGBTQ offenders are duplicative of his claims raised in Cause No. A-22-CV-963-RP, which is currently pending before the Court.

Regarding his religious claims, Plaintiff alleges inmates in general population in Building 2 are prohibited from attending "religious services and programs in which they're actively enrolled." However, he admits detainees in Building 2H, where he is housed, have available (1) Sunday Morning Worship, (2) Godly Character, (3) Pray the Word, (4) Catholic Services, and (5) Buddhist Services.

Prior to being moved to Building 2H, Plaintiff was allegedly enrolled in an anger management program. Plaintiff asserts he was told Building 2 offenders in general population are not allowed to attend programs due to a staff shortage and COVID. Plaintiff also asserts inmates in Building 2 were only allowed out of their cells three hours a day three times a week.

According to Plaintiff, his pretrial detention began on March 29, 2022. He was transferred to Building 2 on January 10, 2023. On February 21, 2023, he was convicted of unlawful possession of a firearm and body armor by a felon. After his conviction, Plaintiff filed a change of address in Cause No. A-22-CV-963-RP on March 30, 2023, notifying the Court that he was transferred to the custody of the Texas Department of Criminal Justice.

Upon reviewing Plaintiff's more definite statement, the Court discovered Plaintiff failed to answer the question on page seven regarding his request for injunctive relief and monetary damages. The Court also noted Plaintiff failed to sign his more definite statement. The Court instructed Plaintiff to file an amended more definite statement. Plaintiff complied with the Court's order. Plaintiff states he seeks "any & all equitive relief suitable by the court."

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266,

271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

### C. Sexual Harassment Claims

Plaintiff admits his sexual harassment claims are duplicative of his claims raised in No. A-22-CV-963-RP. Plaintiff's claims are dismissed without prejudice. Those claims will be litigated in Cause No. A-22-CV-963-RP.

### D. Physical Injury Requirement

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), bars recovery of damages for mental anguish absent a showing that the plaintiff suffered a physical injury while in custody. The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff does not allege any physical injury, therefore his claims for damages for mental and emotional distress are barred.

### E. Punitive Damages

While § 1997e(e) does not bar a plaintiff's request for punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), "punitive damages may be awarded only when the defendant's conduct "is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (citations omitted). Here, Plaintiff has alleged neither, nor does he posit any facts in support of his claims from which such an inference may be drawn. Thus, Plaintiff's claims for punitive damages likewise fail.

F.   Injunctive Relief

During the pendency of this case, Plaintiff was transferred to TDCJ. When a detainee seeks to change the conditions at a particular institution, his transfer out of that institution generally renders his claims for injunctive relief moot unless he shows "either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [the institution] or released and reincarcerated there." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). Plaintiff has not made such a showing. Therefore, Plaintiff's transfer to TDCJ renders moot his request for injunctive relief.

G.   Nominal Damages

Plaintiff does not make clear whether he seeks nominal damages. Construing Plaintiff's request for "equitive relief suitable by the court" liberally, the Court analyzes Plaintiff's claims as if he requests nominal damages.

H.   Religion

Although Plaintiff references the Religious Freedom Restoration Act (RFRA) in his complaint, he later references the Religious Land Use and Institutionalized Persons Act (RLUIPA) in his more definite statement. The Court considers Plaintiff's claims raised under 42 U.S.C. § 2000cc-1, RLUIPA.[1]  The Court also considers Plaintiff's claims raised under the First Amendment.

---

[1] RFRA only applies to the federal government and its actors. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 289 (5th Cir. 2012). The statute is unconstitutional as applied to state actors, because it exceeds Congress's § 5 power and violates the separation of powers of the federal government. *City of Boerne v. Flores*, 521 U.S. 507, 532–36 (1997).

The First Amendment provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S. CONST., amend. I. While a prisoner retains his First Amendment rights, including the right to free exercise of religion, he only retain those rights which "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Thus, a prisoner's right to practice his religion may be limited where the prison officials establish that there is a legitimate penological objective. *Id.*; *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (per curiam); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Plaintiff's allegations are insufficient to state a violation of his rights under the First Amendment. Plaintiff admits Building 2 suffered from a staff shortage which prevented "general population of Building 2 G-H Wing from attending religious services and programs in which they're actively enrolled." Plaintiff does not attempt to argue that the purported restriction was not reasonably related to the jail's penological interest of safety as he was required to do in conjunction with his First Amendment claim, *see Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff's conclusional assertion that his religious rights were violated because general population inmates in Building 2 G-H wing were not permitted to attend religious services and programs, without more, is insufficient to show a constitutional violation. *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Moreover, Plaintiff admits five religious programs were available to detainees in Building 2H.

RLUIPA offers broader protections than the First Amendment by prohibiting substantial burdens on an inmate's religious exercise unless that burden serves a "compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Cutter v. Wilkinson*, 544 U.S. 709 (2005).

Under the RLUIPA, a plaintiff has the initial burden under RLUIPA of showing the sincerity of his religious beliefs. *See Moussazadeh v. Tex. Dept. of Crim. Justice*, 703 F.3d 781, 790-92 (5th Cir. 2012). A plaintiff then bears the burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *See Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 613 (5th Cir. 2008). Once the plaintiff meets this burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Id.* (citing 42 U.S.C. § 2000cc-2(b)).

Besides including the phrase "Religious Land Use and Institutionalized Persons Act" in the more definite statement, the Court cannot discern any facts that would support a RLUIPA claim. Plaintiff does not identify or describe any religious exercise that is allegedly being burdened. Rather Plaintiff generally alleges inmates in general population in Building 2 are prohibited from attending "religious services and programs in which they're actively enrolled" and appears focused on the anger management course in which he had been enrolled prior to his transfer to Building 2. Accordingly, any purported RLUIPA claim seeking nominal damages must be dismissed for failure to state a claim upon which relief may be granted.

I.   Equal Protection

To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that a state actor intentionally discriminated against him because of membership in a protected class or he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (citation omitted).

Plaintiff does not allege he was treated differently than other inmates in Building 2 or that inmates in Building 1 were similarly situated to inmates in Building 2. He also does not allege he was intentionally discriminated against because of membership in a protected class.

J.   Fourth and Sixth Amendments

The Fourth Amendment, incorporated against the States via the Fourteenth Amendment's Due Process Clause, protects the right of persons to be secure in their "persons, houses, papers, and effects ... against unreasonable searches and seizures." U.S. CONST., amend. IV. The Sixth Amendment guarantees an accused in a criminal prosecution the rights to a speedy and public trial by jury, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense. U.S. CONST., amend .VI. Plaintiff's allegations do not give rise to either a Fourth or Sixth Amendment violation.

K.   Conditions of Confinement

Plaintiff indicates he was exposed to mold and mildew in Building 2 and it caused him headaches, dizziness, and upper respiratory infections. He further indicates he could not continue with his anger management program that he started while confined in Building 1 and Building 2 was

subjected to staff shortages that reduced recreation and out-of-cell time. Plaintiff indicates he was housed in Building 2 for less than three months. Part of that time, he was a pretrial detainee. The other part of the time he was a convicted felon.

The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (*en banc*). The standard for a pretrial detainee under the Fourteenth Amendment is the same as that for a prisoner under the Eighth Amendment. *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019).

A claim regarding conditions of confinement must meet two requirements: first, the conditions must have caused an "objectively, sufficiently serious" deprivation, defined as the denial of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, prison officials must have acted with "deliberate indifference" to the plaintiff's health or safety, which means that the official knows that the inmate faces a "substantial risk of serious harm" but "disregards that risk by failing to take reasonable measures to abate it." *Id.* at 561 (internal citation and quotation marks omitted). The official must be subjectively aware of the facts from which the inference could be drawn and must actually draw the inference. *Id.* "'Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Torres*, 972 F.3d at 663 (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)); *see Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

Plaintiff's allegations are insufficient to state a constitutional claim regarding his conditions of confinement under either the Eighth or Fourteenth Amendment. Plaintiff was housed in

Building 2 less than three months. The conditions of which he complains are *de minimis* and not objectively sufficiently serious. Moreover, he fails to allege Sheriff Hernandez or Major Banasco disregarded a substantial risk of serious harm.

## CONCLUSION

Plaintiff's claims regarding sexual harassment are duplicative of his claims raised in No. A-22-CV-963-RP and will be litigated in that case. Plaintiff does not allege any physical injury, therefore his claims for damages for mental and emotional distress are barred by § 1997e(e). His request for injunctive relief is moot due to his transfer to TDCJ. Finally, Plaintiff's allegations do not give rise to any constitutional violation or a violation of RLUIPA.

It is therefore **ORDERED** that Plaintiff's claims regarding sexual harassment are **DISMISSED WITHOUT PREJUDICE** as duplicative of his claims raised in Cause No. A-22-CV-963-RP.

It is further **ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED WITHOUT PREJUDICE** as moot.

It is further **ORDERED** that the remainder of Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on August 17, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE